Alterations made by Court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. GAGNIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SITEONE LANDSCAPE SUPPLY, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:21-cv-01834 CJC (DFMx)<br>Hon. Cormac J. Carney<br><br>**FINAL ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEYS' FEES, COSTS, SERVICE AWARDS, AND ADMINISTRATION COSTS**<br><br>Date: January 22, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B |

**FINAL APPROVAL ORDER AND JUDGMENT**

1  The Parties reached a settlement subject to Court approval as represented in the Settlement Agreement that was filed previously with this Court. On January 22, 2024, this Court conducted a final approval hearing pursuant to this Court's previous Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") entered herein on or about June 6, 2023. Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the matter, and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. For the reasons set forth in the Order Granting in Substantial Part Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement; Attorney's Fees, Costs, Service Award, and Administration Costs, this Court finds that the applicable requirements of the Federal Rules of Civil Procedure, Rule 23 have been satisfied with respect to the Class and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the Class, as set forth in the Preliminary Approval Order.

2. This Order and Judgment Granting Final Approval of Class Action Settlement hereby adopts and incorporates by reference the terms and conditions of the parties' settlement agreement, together with the definitions of terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the class action and Lawsuit and over all parties to the Lawsuit, including all Settlement Class Members.

4. The Notice Packet composed of the class notice and opt out form ("Class Notice") given to the Class Members fully and accurately informed the

Class Members of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon or exclude themselves from the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process, and other applicable law.  The Class Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information.  A full opportunity has been afforded to the Class Members to participate in the final approval hearing, and all Class Members and other persons wishing to be heard have been heard.  Accordingly, the Court determines that all Class Members who did not timely and properly execute and timely mail a Request for Exclusion to make an Opt Out Request are bound by this Order and Judgment.  The Court finds that two (2) members of the Class made an Opt Out Request and there were zero Objections received.

5. The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting Final Approval.  In particular, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable.  In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel.  Accordingly, the Court hereby approves the Settlement as set forth in the Stipulation and expressly finds that said Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class and hereby directs

**FINAL APPROVAL ORDER AND JUDGMENT**

1 implementation of all remaining terms, conditions, and provisions of the Stipulation.

6. The Court hereby approves the following to be deducted from the Gross Settlement Fund (or "GSF") and paid. Attorney's fees are to be deducted from the GSF and paid to Class Counsel in the amount of $191,397.11 and costs in the amount of $14,411.55 as compensation for all attorney time spent on this matter from inception through and including the Final Approval Hearing and all other work related to this case and all costs, as these requests are fair and reasonable.

7. Costs to the Settlement Administrator shall be paid from the GSF in the amount of $20,000.00 are hereby approved as fair and reasonable. No other costs or fees relief shall be awarded, either against Defendant or any other of the Released Parties, as defined in the Stipulation.

8. The Court hereby approves an Class Representative Service Award to Plaintiff in the amount of $5,000.00, which shall be paid from the GSF. Plaintiff's Class Representative Service Award is approved as a service award to Plaintiff for serving as the class representatives and in consideration and exchange for Plaintiff's Complete and General Release of all claims as explained in the Settlement. Based on the contributions to the Class, risks incurred, stigma, change of policies, execution of a general release and all other factors presented to the Court, the Court finds this request fair and reasonable.

9. The Court hereby approves payment from the GSF of a PAGA Award of $50,000.00, with $37,500.00 payable to the Labor Workforce Development Agency ("LWDA"), as this request is fair and reasonable and the remainder of $12,500.00 deducted from the GSF to be paid to the Class Members as stated in the Settlement. The Court approves the Settlement pursuant to the PAGA, including Labor Code section 2699(l) (2).

10. Entry of this Final Judgment shall constitute a full and complete bar against Plaintiff and the Settlement Class (whether individuals, cumulatively or in

- 3 -
**FINAL APPROVAL ORDER AND JUDGMENT**

any combination or in any manner) and in favor of the Released Parties (as defined in the Settlement) from bringing any Released Claims against Defendants and Released Parties (as defined in the Settlement) (whether individually, cumulatively or in any combination or in any manner), and shall constitute res judicata and collateral estoppel with respect to the Released Claims, except to those who timely and properly opted out of the Settlement pursuant to the terms of the Agreement.

11. By operation of the entry of this Final Order and Judgment, as of the Effective Date, the Parties and Class Members, except those who excluded themselves from the Settlement, are ordered to perform their respective duties and obligations under the Settlement.

12. If the Settlement is successfully challenged and, as a result, does not become final and effective in accord with the terms of the Settlement, then this Final Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

## JUDGMENT

In accordance with, and for the reasons stated in, the Final Approval Order, Judgment shall be entered whereby Plaintiff and all Settlement Class Members, except those who excluded themselves from the Settlement, shall take nothing from Defendants, except as expressly set forth in the Settlement, which was previously filed, as part of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement.

Pursuant to Federal Rules of Civil Procedure, Rule 23, this Court reserves exclusive and continuing jurisdiction over this action, Plaintiff, Class Members, and Defendant, for the purposes of:

(a) supervising the implementation, enforcement, construction, and

interpretation of the Stipulation, the Preliminary Approval Order, the plan of allocation, the Final Approval Order, and the Judgment; and

(b) supervising distribution of amounts paid under this Settlement.

**IT IS SO ORDERED.**

Dated: January 22, 2024

                                          Honorable Cormac J. Carney
                                              U.S. District Judge